MARIA HEAD, Guardian *vs.* EARL E. FULLER.

Androscoggin.    Opinion November 17, 1922.

*Private and Special Laws, 1919, Chap. 3, Sec. 2, Par. IV, authorizing removal*
*of actions, is restricted to actions of law with an ad damnum, to judicial writs*
*in the ordinary form, made returnable at a regular term of court, and does*
*not include a summary process, without ad damnum, made return-*
*able either in term time or vacation and requiring speedy*
*consideration by the court.*

Proceedings brought to compel a father to contribute to the support of his wife and minor children do not come within the category of "actions" as used in the removal statute.

It is a summary process and falls in line rather with certain other special proceedings that have been held not to be actions.

Furthermore, if the right of removal in such proceedings existed it would follow that there should also be the same right of appeal as in actions in the Municipal Court, but this court has decided that no appeal lies.

This reasoning as to the delay caused by appeal applies with equal force to the delay caused by removal.   The spirit of the proceeding forbids both.

On exceptions.    This is a process brought under the provisions of R. S., Chap. 66, Sec. 9, before the Municipal Court of Auburn, seeking to require respondent to contribute a weekly sum toward the maintenance of his minor child.    The respondent filed a motion to remove the proceedings to the Superior Court for Androscoggin County, claiming the right of removal under Sec. 2, Par. IV, Chap. 3, of the Private and Special Laws of 1919.    The Judge of the Municipal Court denied the motion, and respondent excepted, and such exceptions were certified directly to the Chief Justice under Private and Special Laws of 1919, Chap. 3, Sec. 4.    Exceptions overruled.

The case is sufficiently stated in the opinion.

*Frank A. Morey*, for petitioner.

*George C. Webber*, for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

CORNISH, C. J.    This is a petition brought under the provisions of R. S., Chap. 66, Sec. 9, before the Municipal Court of Auburn, praying that the respondent may be ordered to pay such sum weekly for the suitable maintenance of his minor child, of whom the plaintiff is guardian, as the court may deem reasonable and just.

The respondent seasonably filed in the Municipal Court a motion to remove the proceedings to the Superior Court for Androscoggin County, claiming the right of removal under the charter of said Municipal Court which provides that "any action wherein the debt or damage demanded exceeds twenty dollars brought in said court shall be removed by order of the judge into the Superior Court on motion of the defendant, filed at the return term," provided he files the proper affidavit and makes the required deposit.    Private and Special Laws 1919, Chap. 3, Sec. 2, Par. IV.

The Judge of the Municipal Court denied the motion for removal on the ground that the provision of the charter of the court above quoted does not apply to proceedings of this nature.    Exceptions were taken to this ruling and certified directly to the Chief Justice under Private and Special Laws 1919, Chap. 3, Sec. 4.

The ruling was correct; and for two reasons.

In the first place, by the express terms of the section authorizing removals, it is confined to "any action wherein the debt or damage demanded exceeds twenty dollars," that is, it is restricted to actions at law with an ad damnum, to judicial writs in the ordinary form, made returnable at a regular term of court.    The motion for removal is required to be filed at that return term.

The proceeding brought to compel a father to contribute to the support of his wife and minor children, R. S., Chap. 66, Sec. 9, does not come within the category of "actions" as used in the removal statute.    It is a summary process, without ad damnum, made returnable either in term time or vacation and requiring speedy consideration by the court, whether Supreme Judicial, Superior, Probate or Municipal.    It falls in line rather with certain other special proceedings that have been held not to be actions.    Thus the term "actions" has been held not to include a petition pending before the Board of County Commissioners for the location of a highway,

*Webster* v. *County Commissioners*, 63 Maine, 27; nor an appeal from an award of damages made by a City Council for land taken in the laying out of a street, *Rines* v. *Portland*, 93 Maine, 227; nor a petition to the County Commissioners for the establishment of gates at a railroad crossing, *Grand Trunk Ry. Co.* v. *County Commissioners*, 88 Maine, 225; nor proceedings in insolvency, *Belfast* v. *Fogler*, 71 Maine, 403; nor a proceeding for assessing the amount of just compensation for private property taken for public uses, *Kennebec Water District* v. *Waterville*, 96 Maine, 234, 249.

In the second place, if the right of removal in this proceeding existed it would follow that there should also be the same right of appeal as in actions in the Municipal Court. But this court has decided that no appeal lies. *Cotton* v. *Cotton*, 103 Maine, 210. After reciting the history of the statutes giving this summary remedy against the father, and considering the nature and purpose of the petition, the court say: "If the defendant could secure the opportunity for delay afforded by exercising a right of appeal to the Supreme Judicial Court and thus vacating the order of the court below, it is obvious that one of the vital purposes of the statute would necessarily be defeated and in many instances the ravages of hunger and disease would outrun the benevolence of the statute. Such orders are ordinarily of a temporary character subject to revision by the Court which makes them, and no injustice is likely to result from the exercise of such power by the lower Courts." This reasoning as to the delay caused by appeal applies with equal force to the delay caused by removal. The spirit of the proceeding forbids both.

*Exceptions overruled.*